FILED BY_____ _____D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE   05 NOV 17  AM 6: 37
WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

PATRICIA JEAN DISNEY,

      Plaintiff,

v.                       No. 05-2306 B

STATE FARM FIRE & CASUALTY CO.,

      Defendant.

---

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS BAD FAITH CLAIMS,
DENYING MOTION TO STRIKE AND DIRECTING PLAINTIFF TO
PAY FEES AND COSTS

---

Before the Court is the motion of the Defendant, State Farm Fire & Casualty Company

("State Farm"), to dismiss the Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure.  The Defendant also seeks an order striking certain allegations from the

Complaint and directing Disney to reimburse it for costs incurred.

This lawsuit is the second filed by the Plaintiff, Patricia Jean Disney, arising from a fire loss

suffered in March 2001 which her insurance carrier, State Farm, refused to pay on the grounds the

fire was of an incendiary nature and that she had the motive and opportunity to set the blaze.  On

March 25, 2002, the Plaintiff's first action, Case No. 02-2210 ("Disney I"), was removed to this

Court from the Circuit Court of Shelby County, Tennessee.  In an order entered April 27, 2004, the

undersigned granted the Defendant's motion for partial summary judgment on Disney's claim for a

statutory bad faith penalty under Tennessee law.  The following day, the Court granted the Plaintiff's

motion for dismissal without prejudice pursuant to Fed. R. Civ. P. 41 subject to certain conditions:

    1.    that the plaintiff reimburse the defendant for the actual costs of the issuance

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  11-17-05

⑱

of subpoenas and any witness fees incurred in preparation for the trial which had been set for April 12, 2004;

2.    that upon the refiling of this lawsuit by the plaintiff, either in state or federal court, the plaintiff would be prohibited from utilizing a Rule 26(a)(2) expert witness at trial; and

3.    that if this case is refiled in this court, it will be assigned to District Judge J. Daniel Breen.

(Order Granting Pl.'s Mot. for Dismissal Pursuant to Rule 41(a), Fed. R. Civ. P. at 2.) On December 6, 2004, following a hearing in which both parties were heard, the Clerk entered an order taxing costs to the Plaintiff in the amount of $10,538.30.

This action ("Disney II") was filed on April 26, 2005. In Disney II, the Plaintiff again seeks bad faith damages under Tennessee law. State Farm argues in the instant motion that the allegation of entitlement to a bad faith penalty is barred in Disney II by the doctrines of res judicata and collateral estoppel. The Defendant also requests that all allegations contained in the Disney II complaint concerning bad faith be stricken therefrom.

Res judicata "bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit." State v. West, 115 S.W.3d 886, 890 (Tenn. Ct. App. 2003). "The doctrine of collateral estoppel is a corollary to the principle of res judicata[, which] operates to prevent relitigation of an issue which has been previously determined between the same parties in another suit . . . ." Dickerson v. Godfrey, 825 S.W.2d 692, 694 (Tenn. 1992). Clearly, as the issue of bad faith was litigated in Disney I, the Plaintiff is barred from raising the claim in this action. The Plaintiff has not, and indeed, cannot, offer any caselaw supporting her argument that the Court's failure to mention in the final dismissal order its previous grant of partial summary judgment somehow renders the

doctrines of res judicata and collateral estoppel inapplicable. Accordingly, the Plaintiff's bad faith claim in this action is barred and is, therefore, hereby DISMISSED.[1] However, based on the Court's dismissal of the bad faith claim, it is not necessary that the allegations be stricken from the complaint. Thus, the Defendant's motion for such relief is DENIED.

State Farm also seeks an order directing the Plaintiff to reimburse it for witness fees and subpoena expenses in the amount of $500 in accordance with the Court's order in Disney I granting Disney's motion for dismissal. In response, the Plaintiff avers that she is unsatisfied that the amount was "proven and reasonable." The Defendant has attached to its reply copies of expense reports, checks and correspondence supporting the fees and expenses for which it seeks reimbursement. As the Plaintiff has failed to explain to the Court in what way the documentation is inadequate, the Defendant's request is GRANTED. The Plaintiff is hereby ORDERED to tender to State Farm's counsel a check in the amount of $500 within fifteen (15) days of the entry of this order. The Plaintiff is admonished that failure to comply with the Court's order could result in dismissal of this case.

IT IS SO ORDERED this 16th day of November, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] To the extent the Plaintiff attempts in this action to allege a common law claim for punitive damages independent of the statutory bad faith claim, it too is barred on the grounds of collateral estoppel based on the Court's April 27, 2004 order in Disney I in which the issue was addressed and the claim dismissed.

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 18 in case 2:05-CV-02306 was distributed by fax, mail, or direct printing on November 17, 2005 to the parties listed.

---

Antonio L. Matthews
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

George T. Lewis
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Thomas D. Yeaglin
LAW OFFICE OF THOMAS YEAGLIN
140 Jefferson Ave.
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT