IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PATRICIA JEAN DISNEY,

    Plaintiff,

v.                                  No. 05-2306 B

STATE FARM FIRE & CASUALTY CO.,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER

On November 17, 2005, this Court granted the motion of the Defendant, State Farm Fire & Casualty Company, to dismiss the bad faith claims alleged by the Plaintiff, Patricia Jean Disney, and directed her to reimburse the Defendant for witness fees and subpoena expenses in the amount of $500 within 15 days of the entry of the Court's order. Before the Court is the Plaintiff's motion for reconsideration of the November 17, 2005 order.

Although the Plaintiff has failed to identify the procedural rule upon which her motion is based, the Court assumes she relies on Rule 59(e) of the Federal Rules of Civil Procedure. See Doe v. Patton, 381 F.Supp.2d 595, 605 (E.D. Ky. 2005), reconsideration denied (Jan. 14, 2005) (motions for reconsideration to be analyzed under Fed. R. Civ. P. 59(e). The purpose of a Rule 59(e) motion is

> to have the court reconsider matters properly encompassed in a decision on the merits. This rule gives the district court the power to rectify its own mistakes . . . Generally, three situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-5-05



<u>Sherwood v. Royal Ins. Co. of Am.</u>, 290 F.Supp.2d 856, 858 (N.D. Ohio 2003) (internal citations and quotation marks omitted). A review of the Plaintiff's motion makes clear that it constitutes nothing more than a rehashing of the arguments previously presented to this Court by which Disney seeks a second bite at the apple, to which she is not entitled.[1] Her motion is therefore DENIED.

Moreover, it appears from the motion that she has, in violation of the Court's previous order, failed to pay the $500 in reimbursement costs to the Defendant as required by the Court. In the November 17 docket entry, the Court warned the Plaintiff that failure to make payment could result in dismissal of her claims. Based on her failure to make the payment and on the Court's denial of her motion for reconsideration, the Court hereby ORDERS the Plaintiff to remit the funds to the Defendant within ELEVEN (11) days of the entry of this order. The Plaintiff is cautioned that, in the event payment is not made within the time period set forth herein, this matter *will* be dismissed, in its entirety, with prejudice and without further notice, for failure to comply with orders of the Court.

---

[1] At this point, the Court deems it necessary to comment on the Plaintiff's comparison between this case and one in which a motion for summary judgment was filed in a second lawsuit after the first action was voluntarily nonsuited following denial of an identical motion for summary judgment. The difference between the two scenarios should be clear. That is, if the first motion for summary judgment was denied, nothing was in fact decided as a matter of law and the claim may be raised again in a subsequent suit. Where, as here, the motion was *granted*, the Court's finding as a matter of law operates as a bar to a subsequent identical claim, as discussed in the Court's November 17 order.

Furthermore, it appears to the Court that the Plaintiff's appropriate remedy would have been to appeal the dismissal of the original suit after the Court granted the Defendant's motion for partial summary judgment in that case. See <u>James v. Pierce Stern Sloan, Inc.</u>, 283 F.3d 1064, 1069-70 (9th Cir. 2002) (party who suffers adverse partial judgment and subsequently dismisses remaining claims without prejudice has final and appealable order under 28 U.S.C. § 1291); <u>Hicks v. NLO, Inc.</u>, 825 F.2d 118, 119 (6th Cir. 1987) (same). By failing to do so and using instead this action as an "appeal," the Plaintiff may have waived her ability to appeal pursuant to § 1291.

2

IT IS SO ORDERED this 2nd day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 21 in case 2:05-CV-02306 was distributed by fax, mail, or direct printing on December 5, 2005 to the parties listed.

---

Antonio L. Matthews
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

George T. Lewis
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ
165 Madison Ave.
Ste. 2000
Memphis, TN 38103

Thomas D. Yeaglin
LAW OFFICE OF THOMAS YEAGLIN
140 Jefferson Ave.
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT